UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIE SINGLETON,

                    Petitioner,            **DECISION AND ORDER**

      -vs-                                 **No. 09-CV-6654(MAT)**

WILLIAM LEE,

                    Respondent.

---

## I.   Introduction

Proceeding <u>pro</u> <u>se</u>, Willie Singleton ("Singleton" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis of alleged constitutional infirmities in his November 27, 2007, conviction for failing to register as a sex offender pursuant to New York's Sex Offender Registration Act ("the SORA").

Respondent argues that Petitioner's habeas claims are subject to unexcused procedural defaults because the state courts relied upon adequate and independent state grounds to dismiss them. <u>E.g.,</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30, 749-50 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.") (citations omitted); <u>accord</u>, <u>e.g.,</u> <u>Velasquez v. Leonardo</u>, 898 F.2d 7, 9 (2d Cir. 1990) (<u>per</u> <u>curiam</u>) ("[F]ederal habeas review is foreclosed when a state court has expressly relied

on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim."). Respondent further argues that Singleton's claim are, in any event, without merit.

Because the claims are easily denied on the merits, the Court has reviewed their substance rather than addressing the affirmative defense of procedural default. See, e.g., Dunham v. Travis, 313 F.3d 724, 729-30 (2d Cir.2002) ("[H]urdling the procedural question to reach the merits of a habeas petition" may be justified if the underlying issues "were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.") (internal quotation marks and citation omitted).

For the reasons that follow, the Court agrees with Respondent that the claims do not warrant habeas relief. Accordingly, the petition is dismissed.

## II.  Discussion

Singleton, who has been adjudicated as a level three offender because he presents a "high" risk of reoffense, claims that (1) the SORA violates the Ex Post Facto clause; and (2) he was not given a full and fair hearing to determine his sex offender level in violation of his procedural due process rights.

-2-

A.   **Ex** **Post** **Facto** Clause Violation

Article I, § 10, of the Constitution prohibits the States from passing any laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." Collins v. Youngblood, 497 U.S. 37, 41 (1990). The Ex Post Facto Clause of the Constitution "applies only to penal statutes which disadvantage the offender affected by them," Id.(emphasis added). The Second Circuit's decision in Doe v. Pataki, 120 F.3d 1263, 1285 (2d Cir. 1997), forecloses habeas relief on Petitioner's claim that his mandatory SORA registration violates the Ex Post Facto clause. In Doe, the Second Circuit held that the SORA's registration and community notification provisions were not "punishments" within the meaning of the Ex Post Facto clause. 120 F.3d at 1284, 1285. See also Smith v. Doe, 538 U.S. 84, 105-06 (2003)(holding that retroactive application of Alaska's sex offender registry statute did not violate Ex Post Facto clause).

Habeas relief is therefore unavailable to Petitioner on his Ex Post Facto claim. Accord, e.g., Manzullo v. People of New York,No. 07 CV 744(SJF), 2010 WL 1292302, at *8 (E.D.N.Y. Mar. 29, 2010) (denying habeas relief to petitioner claiming that both the registration and notification provisions of the SORA constitute punishment for purposes of the Ex Post Facto clause)(citations omitted).

**B.    Due Process Violation**

Extensive litigation regarding the constitutionality of the SORA was resolved in a 2004 consent decree providing that all level two and three sex offenders who were required to register under the SORA were afforded the right to a new hearing to redetermine their sex offender level. See Doe v. Pataki, 481 F.3d 69, 73-74 (2d Cir. 2007).

It is not altogether clear that the determination of risk-level under the SORA implicates a cognizable liberty interest for purposes of the Due Process Clause of the Fourteenth Amendment. Fowlkes v. Parker, No. 9:08-CV-1198 (LEK/DEP), 2010 WL 5490739, at *8 (N.D.N.Y. Dec. 9, 2010) (citing Henderson v. Heffler, No. 07-CV-04870, 2010 WL 2854456, at *5 (W.D.N.Y. Jul. 19, 2010) (Curtin, D.J.); other citations omitted)). For purposes of the instant case, the Court assumes that Petitioner possesses a cognizable liberty interest in the adjudication of his sex-offender level.

Petitioner's due process claim nonetheless lacks merit. When a person's liberty interests are implicated, due process requires at a minimum notice and an opportunity to be heard before a neutral decisionmaker. E.g., Hamdi v. Rumsfeld, 542 U.S. 507, 533 (2004) (plurality opinion) (citations omitted). Even if Petitioner did not receive a hearing at the time he was first designated a level three sex offender in 1997, he was subsequently afforded such a hearing

as the result of the procedural amendments to SORA, passed as a result of the 2004 settlements in the <u>Doe</u> litigation. <u>See</u> Letter dated May 25, 2006, attached as Exhibit V to Respondent's Answer and Memorandum of Law.

Although Petitioner was provided notice of the redetermination hearing and apparently expressed a desire to attend, he failed to appear on the scheduled date. Accordingly, the hearing was conducted in Petitioner's absence. However, Petitioner's assigned counsel was present. Petitioner was again determined to be a level three sex offender. <u>See</u> <u>id.</u>

At the redetermination hearing, Petitioner clearly was provided with all of the process due to him in connection with the determination of his risk level. <u>See</u>, <u>e.g.</u>, <u>Woe v. Spitzer</u>, 571 F. Supp.2d 382, 385-89 (E.D.N.Y. 2008)("Even assuming that Plaintiff's complaint somehow sets forth a protected liberty interest in the right to continuation of the ten year registration requirement, it is clear that the procedural amendments to SORA, passed as a result of the settlement of the <u>Doe</u> litigation, provide Plaintiff with all of the process that is due in connection with the determination of the risk level to be assigned. Indeed, Plaintiff himself took advantage of the redetermination hearing provided for in the settlement."). Petitioner's claim that his due process rights were violated in connection with his adjudication as a level three sex offender therefore does not warrant habeas relief. <u>See</u> <u>id.</u>

## III. Conclusion

For the reasons stated above, Willie Singleton's request for writ of habeas corpus is denied, and the petition is dismissed. Because Petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal in forma pauperis.

**SO ORDERED.**

**S/Michael A. Telesca**

_____
                    MICHAEL A. TELESCA
                    United States District Judge

DATED:     June 13, 2011
           Rochester, New York

-6-